UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SISAY MENGISTIE, | Case No. C26-558-RSM |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| v. | |
| INTEGON NATIONAL INSURANCE COMPANY, a registered foreign insurer, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Motion to Remand.  Dkt. #7.  Plaintiff seeks remand because "Defendant has failed to establish by a preponderance that the amount in controversy exceeds $75,000."  *Id*. at 1.  The Court has reviewed Defendant's response brief, Dkt. #10, and a Reply Brief, Dkt. #11.

Plaintiff filed this insurance case in Snohomish County Superior Court seeking compensation for an undervalued insurance payout for a totaled vehicle as well as extracontractual claims, including IFCA/CPA, bad faith, negligence, and unjust enrichment. Dkt. #1-2.  Plaintiff alleges that Defendant Integon National Insurance Company's payout was "undervalued by approximately $2,000."  *Id*. at 2.  Plaintiff incurred appraisal related costs and fees.  Defendant removed on diversity jurisdiction.  Dkt. #1.

ORDER GRANTING MOTION TO REMAND - 1

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Typically, it is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

If it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). In such a situation, the Court may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy. *Id.* "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem.*, 303 U.S. at 289-90.

The Notice of Removal in this action indicates that there is diversity of citizenship and an amount in controversy that exceeds $75,000. Dkt. #1.

The amount in controversy "encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). This Court also considers statutory treble damages. *Briggs v. Serv. Corp Int'l*, 653 F.

ORDER GRANTING MOTION TO REMAND - 2

Supp. 3d 839, 843 (W.D. Wash. 2023). Attorney's fees, both present and future, are also included. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018). So, too, is the value of injunctive relief. *McCauley v. Ford Motor Co*, 264 F.3d 952, 958 (9th Cir. 2001). To establish the amount in controversy requirement, a defendant is permitted to rely on "reasonable assumptions" that are "founded on the allegations in the complaint." *Arias v. Residence Inn*, 936 F.3d 920, 925 (9th Cir. 2019). The IFCA statutory construction allows treble damages and attorney fees to successful claimants. *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wn.2d 669, 672, 389 P.3d 476 (2017) ("IFCA also directs courts to grant attorney fees and authorizes courts to award triple damages if the insurer either acts unreasonably or violates certain insurance regulations").

Defendant Integon argues that "the Plaintiff appears to seek $7,150.00 as the full total loss value of his vehicle, in addition to 'appraisal fees' of $1,442.16, and other benefits to which no specific amount is alleged." Dkt. #10 at 3. Defendant states that Plaintiff's actual damages are subject to trebling under IFCA and the CPA, for a potential total of $25,776.48. *See id*. at 5. Out of thin air, Defendant then assigns a value of "between $10,000 to $20,000" to Plaintiff's claims for "financial hardship, delay-related damages, consequential damages, or emotional distress" which could then be trebled to $30,000 to $60,000. *Id.* Defendant asserts that attorney's fees in this case could plausibly be estimated in excess of $19,223.52. *Id.*

The Court finds that Defendant relies on pure speculation for over half of its estimated damages figure and has otherwise failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000. This case is about an insurance undervaluation of a few thousand dollars. If this can be removed, any insurance case can be removed—an absurd outcome. Given the above standards, the Court will grant the instant Motion and remand this

ORDER GRANTING MOTION TO REMAND - 3

case back to Snohomish County Superior Court. The Court finds that an award of fees and costs is not necessary or appropriate at this time.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's Motion to Remand, Dkt. #7, is GRANTED.

2) This case is hereby REMANDED to the Superior Court of Washington State in and for the County of Snohomish.

3) This case is CLOSED.

DATED this 6th day of April, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO REMAND - 4